**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

NICOLE D. NICHOLS,[1]
                Appellant,

       v.

SOCIAL SECURITY
    ADMINISTRATION,
                Agency.

DOCKET NUMBER
CH-0752-22-0232-I-2

DATE: April 28, 2026

# THIS FINAL ORDER IS NONPRECEDENTIAL[2]

Neil C. Bonney, Esquire, Virginia Beach, Virginia, for the appellant.

Elizabeth Szabo, Esquire, Chicago, Illinois, for the agency.

Joshua Peter Dehnke, Esquire, and Amy Baines, Esquire,
   Baltimore, Maryland, for the agency.

Eva Ukkola, Washington, D.C., for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

---

[1] The administrative judge substituted the appellant's court-appointed guardian, Michael Nichols, Jr., as the proper party in this appeal. Refiled Appeal File, Tab 52; *see* 5 C.F.R. § 1201.35.

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

# FINAL ORDER

Nicole D. Nichols (Ms. Nichols) has filed a petition for review of the initial decision, which dismissed the appeal of her removal from Federal service as settled. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

While this appeal was before the administrative judge, Michael Nichols, Jr. (Mr. Nichols), through counsel, filed a motion to substitute himself as the proper party to this appeal pursuant to 5 C.F.R. § 1201.35. Refiled Appeal File (RAF), Tab 51. In his motion, he asserted that he was the court-appointed guardian of Ms. Nichols. *Id.* at 4. He filed with the Board a copy of the relevant court order. *Id.* at 6. The administrative judge granted the motion and substituted Mr. Nichols as the proper party. RAF, Tab 52 at 1.

Thereafter, the agency filed a settlement agreement signed by an agency representative and Mr. Nichols. RAF, Tab 61. The administrative judge then issued an initial decision dismissing the removal appeal as settled. RAF, Tab 62, Initial Decision. One day later, Ms. Nichols filed a petition for review. Petition

for Review (PFR) File, Tab 1. The agency has filed a response and Ms. Nichols has filed a reply. PFR File, Tabs 3-5.

An appellant may challenge the validity of a settlement agreement if she believes it was unlawful, involuntary, or the result of fraud or mutual mistake. *Wofford v. Department of Justice*, 115 M.S.P.R. 468, ¶ 6 (2010). The party challenging the validity of a settlement agreement bears a heavy burden of showing a basis for invalidation. *Id.* To the extent Ms. Nichols challenges the substitution of her court-appointed guardian as the proper party in this action and, consequently, his authority to enter into a settlement agreement, we find no error in his substitution. RAF, Tabs 51-52; PFR File, Tab 1 at 3; *see* 5 C.F.R. § 1201.35. To the extent that Ms. Nichols challenges the state court order appointing Mr. Nichols as guardian, the Board lacks jurisdiction to address such a claim. PFR File, Tab 1 at 3; *see Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985) (stating that the Board's jurisdiction is not plenary and is limited to those matters over which it has been given jurisdiction by law, rule, or regulation). Ms. Nichols's assertions concerning the merits of her removal and her requests for reasonable accommodations do not constitute a basis to set aside the settlement agreement. PFR File, Tab 1 at 3-4, Tab 5 at 2. Ms. Nichols has also filed a motion to terminate the representation of Neil C. Bonney as counsel. PFR File, Tab 6. Because Mr. Nichols is the proper party in this matter, we give no effect to Ms. Nichols's filing. 5 C.F.R. § 1201.31(a) (stating that a party to an appeal may designate a representative or revoke such a designation).

After filing its response to Ms. Nichols's petition for review, the agency filed a petition to enforce the settlement agreement. PFR File, Tab 4. The Board's regulations permit the following pleadings on review: a petition for review, a cross petition for review, a response to a petition for review or cross petition for review, and a reply to a response to a petition for review. 5 C.F.R.

§ 1201.114(a) (2024).[3] No other filings will be accepted on review unless a party files a motion with and obtains leave from the Clerk of the Board. 5 C.F.R. § 1201.114(a)(5) (2024). Because the agency did not file a motion and obtain leave from the Clerk of the Board, we do not consider its pleading. PFR File, Tab 4. To the extent any party seeks to enforce the terms of a settlement agreement that has been entered into the record for purposes of enforcement, it is directed to the Board's regulations at 5 C.F.R. §§ 1201.181-1201.183.

Based on the foregoing, we deny Ms. Nichols's petition for review and affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[3] The agency's pleading was filed in August 2024, before the Board changed its regulations. The result would be the same under either version of the regulation. 5 C.F.R. § 1201.114(a) (2024); 5 C.F.R. § 1201.114(a) (2025).

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.